The bill was filed to set aside a fraudulent conveyance.
On July 29th, 1924, Morris Cohen and Eva, his wife, first became seized in fee-simple of the premises in question, one hundred lots on East Twenty-sixth street, Paterson, New Jersey, by virtue of an exchange of property with one Peter Fleuchaus. By an agreement of exchange, dated July 29th, 1924, these one hundred lots, owned by Fleuchaus, were exchanged by Fleuchaus to Cohen for eleven houses. At the time of the exchange the equity of Fleuchaus in these lots was valued at $40,000. The equity of Morris Cohen in the eleven houses was valued at $21,310.72, leaving a balance of $18,689.28 in favor of Peter Fleuchaus. In addition thereto, $6,000 was advanced at various times by Peter Fleuchaus to Morris Cohen and a mortgage was given by Morris Cohen to Peter Fleuchaus in the sum of $24,689.28, which mortgage covered the lots in question. This gave to Morris Cohen the one hundred lots, subject to a mortgage of $24,689.28, and gave the eleven houses of Cohen, subject to the mortgages thereon, to Fleuchaus.
Thereafter, while there were existing debts and lawsuits pending against Morris Cohen, Peter Fleuchaus and Morris Cohen arranged that Fleuchaus should receive back a deed for these same Paterson lots. In accordance with this plan, Morris Cohen and Eva, his wife, on December 1st, 1924, deeded all this property (one hundred lots) back to Peter Fleuchaus, which deed was recorded.
The original complainant in this bill was the Service Trust Company, but during the suit, on motion of the solicitor for the complainant, Charles V. Duffy, Harry H. Weinberger and Yellow Pine Lumber Company were substituted.
At the time of this reconveyance, that is, December 1st, 1924, there were in evidence numerous debts which had been contracted by Morris Cohen. First, the sum of $2,700 cash money, borrowed from the Service Trust Company on a note dated October 18th, 1924, which note became due November 18th, 1924, and which note was subsequently reduced to a *Page 25 
judgment on January 27th, 1925, which judgment was recovered by the Service Trust Company in the Supreme Court of New Jersey, amounting to $2,785.61. This judgment was subsequently assigned to Charles V. Duffy and Harry H. Weinberger. A debt also existed in favor of the Yellow Pine Lumber Company for approximately $7,000 for lumber used to erect the eleven houses for which Fleuchaus had a deed, and which property he took when the exchange was made.
The bill in this case to set aside the deed of reconveyance was filed on July 17th, 1925.
The complainants set up that this was a gross fraud perpetrated by Peter Fleuchaus and Morris Cohen for the purpose of cheating and defrauding the creditors of Morris Cohen of their just claims.
The actual number of lots reconveyed to Peter Fleuchaus was ninety-five and one-half lots.
Fleuchaus, therefore, now has the eleven houses, which were exchanged for the lots, and he also has ninety-five and one-half of the one hundred lots which he had given in exchange for the eleven houses.
On the face of things, this looks like a very suspicious transaction.
Morris Cohen testified for the complainants, and said that the eleven houses which he originally conveyed to Fleuchaus in exchange for the one hundred lots were each worth $7,500; and that there were encumbrances aggregating $55,689.28 on these eleven houses. He further testified that when the exchange was made he owed money to the Yellow Pine Lumber Company and also to the Service Trust Company. He testified that he owed the Yellow Pine Lumber Company $7,000 for lumber used in the erection of these eleven houses. He also testified that he owed the Service Trust Company $3,000 and gave the Service Trust Company a note for $2,700, being the balance due on October 18th, 1924. He said that he had paid off $300, thus reducing it to $2,700.
Morris Cohen testified that he re-deeded the lots back to Peter Fleuchaus because he was in difficulties with his creditors, *Page 26 
and that Fleuchaus suggested to him that he deed back the property to Fleuchaus, and he, Fleuchaus, would reconvey the property to Morris Cohen whenever he was ready to take the property back. Cohen further testified that it was agreed that they enter into a partnership for the erection of houses on these very lots. If Morris Cohen's testimony is to be believed, then there is no doubt that the reconveyance by Cohen to Fleuchaus was made with fraud and with the express purpose of hindering, delaying and defrauding the creditors of Cohen, and this court should set aside the deed and declare it a nullity. In that event, Fleuchaus will be amply protected by his mortgage of $24,689.28.
The defendants' contention is that what happened in regard to the reconveyance of the one hundred lots to Fleuchaus was perfectly natural and happens often within the experience of every lawyer. That a mortgagor who has defaulted on his mortgage, or is sure that he will, and who realizes that he has no equity in the mortgaged property, will give a deed for the same to the mortgagee, and that thus, the mortgagor avoids the risk of a suit on a bond, if there is a deficiency in the foreclosure suit; and the mortgagee is saved the expense of a foreclosure suit. All of which is quite true.
I am satisfied, however, that Fleuchaus knew that Cohen had other creditors at the time of this reconveyance of the one hundred lots.
The defendant also claims that the lots had no value, over and above Fleuchaus' mortgages, out of which Mr. Fleuchaus could defraud Cohen's creditors. Fleuchaus insists that the eleven houses were mortgaged to the limit at the time of the exchange, and that at the time Fleuchaus took title to these that he acquired nothing; and that in addition he had to pay accrued taxes, and that he had parted with $2,500, as shown by the second mortgage he took on the property.
After a careful review of all the testimony, I am satisfied that the conveyance was made with fraud for the purpose of hindering, delaying and defrauding the creditors, and that the deed should be set aside and declared a nullity.
I will advise a decree in accordance with these views. *Page 27